THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIAN LATIMER,<br><br>Defendant. | CASE NO. CR18-0052-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for return of personal property (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

In October 2017, Defendant fled when contacted by Seattle Police Department officers. (*Id*.) During the ensuing pursuit, Defendant dropped a firearm and two iPhones. (*Id*.) The police searched Defendant incident to arrest, and discovered drugs, drug paraphernalia, and cash. (*Id*.) The police did not seek a search warrant for the iPhones. (*Id*.)

Defendant subsequently pled guilty to felon in possession of a firearm and possession of methamphetamine with intent to distribute. (*Id*.) On August 7, 2018, Defendant was sentenced to 84 months in prison. (*Id*.) Defendant's plea agreement contained a waiver of appeal and a waiver

of a right to collaterally attack the conviction and sentence except for claims of ineffective assistance of counsel. (*Id*.; Dkt. No. 16.) Defendant now moves for the return of the two iPhones to his mother. (Dkt. Nos. 28, 28-2)

## II. DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A defendant's seized property is ordinarily returned at the end of trial pursuant to a motion made under Federal Rule of Criminal Procedure 41, unless "the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991). If the property at issue "is no longer needed for evidentiary purposes . . . [t]he person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) (footnotes omitted).

If Defendant were to successfully overturn his conviction and sentence and the case proceeded to trial, the iPhones may be material evidence in the subsequent proceedings. For example, the content of the iPhones may be relevant to the charge of possession of methamphetamine with intent to distribute alleged in the Government's criminal complaint against Defendant. (Dkt. No. 1) The Government's decision to not apply for a search warrant pertaining to the iPhones is not dispositive on the Government's view as to whether the iPhones have any evidentiary value. Thus, the Government has demonstrated that it has a legitimate reason to retain the two iPhones at this time.

Also, the Government has stated that it anticipates returning the iPhones to Defendant's designee on or about August 8, 2019, which is the date Defendant would be time-barred from attacking his conviction and sentence under to 28 U.S.C. § 2255. The voluntary return of the iPhones would obviate the need to request their return to Defendant's designee. Further, at such time the Government's evidentiary interest in the iPhones would be significantly reduced, and a renewed motion for their return would likely succeed on the merits.

For the foregoing reasons, Defendant's motion for return of personal property (Dkt. No. 28) is DENIED.

DATED this 17th day of October 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE